**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| W.S., | |
|                Plaintiff, | 8:16-cv-01032-MGL |
| v. | **COMPLAINT**<br>(***Jury Trial Demanded***) |
| Cassandra Daniels, Ursula Best, South Carolina Department of Social Services, Boys Home of the South, Inc., Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, Richelle Owens, Joel Stoudenmire, Bryson Thomason, F. Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy, Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and Katherine Symonette, | |
|                Defendants. | |

The Plaintiff, complaining of the Defendants, would respectfully show this Court the following:

## I.     THE PARTIES.

**Plaintiff.**

1.       That Plaintiff W.S. was born in 1997. He was a minor child and a citizen and resident of the County of Abbeville, South Carolina when he was taken into the custody of SCDSS. He was a foster child in the legal custody of SCDSS beginning in June 2006. He became a permanent ward of the state when his parents' rights were terminated. He has since aged out of the system but he still receives services from SCDSS through the John H. Chafee Foster Care Independent Living Program. SCDSS placed Plaintiff in the care and physical custody of BHOTS, where he resided between May 2008 and April 2011.

1

**SCDSS Defendants**

2.      That Defendant South Carolina Department of Social Services (SCDSS) is an agency
        of the State of South Carolina created by the General Assembly of the State of South
        Carolina.  SCDSS is responsible for ensuring that the children in its custody are safe
        and are receiving adequate care and treatment in accordance with applicable legal
        standards.

3.      That Defendant Cassandra Daniels was an SCDSS employee in Abbeville County and
        a resident of South Carolina during the times alleged herein. She was the assigned
        caseworker for W.S. during W.S's time in SCDSS custody. As W.S's caseworker she
        was responsible for monitoring his safety and well-being while he was in SCDSS
        custody in accordance with applicable legal standards.

4.      That Defendant Ursula Best was an SCDSS employee in Abbeville County and a
        resident of South Carolina during the times alleged herein. Defendant Best was
        Defendant Daniels' supervisor while W.S. was in SCDSS custody. She was
        responsible for supervising her caseworkers as well as the safety and well-being of
        their clients in accordance with applicable legal standards.

**BHOTS Defendants**

5.      That Defendant Boys Home of the South, Inc. (BHOTS) is a non-profit domestic
        corporation located in South Carolina.  During the times alleged herein, SCDSS
        licensed BHOTS to provide housing and services to children in SCDSS's custody. Its
        facility was and is located at 10612 Augusta Road, Belton, SC 29627. BHOTS and its
        employees are heavily regulated performers of a traditionally and exclusively public
        function. Although SCDSS retained a non-delegable constitutional duty to ensure that

children in SCDSS custody were safe and receiving adequate care, SCDSS entrusted BHOTS and its employees with implementing the concomitant constitutional duty to ensure that children placed in the facility were safe and receiving adequate treatment on a day-to-day basis.

6.    That Defendant Vernon Hayes was the Executive Director of BHOTS and a resident of South Carolina during the times alleged herein. Defendant Vernon Hayes was responsible for ensuring that staff were adequately trained; clients were adequately supervised; the facility was safe and secure; and BHOTS complied with the law, SCDSS policy, and accepted professional standards.

7.    That Defendant Kathy Cook, Ph.D. was the Executive Director of BHOTS and a resident of South Carolina during the times alleged herein. Defendant Kathy Cook, Ph.D. was responsible for ensuring that staff were adequately trained; clients were adequately supervised; the facility was safe and secure; and BHOTS complied with the law, SCDSS policy, and accepted professional standards.

8.    That Defendant Nicole Lindsey was an employee and the Treatment Coordinator at BHOTS as well as a resident of South Carolina during the times alleged herein. Defendant Lindsey was responsible for ensuring that each housing facility at BHOTS was adequately staffed and safe in accordance with applicable legal standards. Defendant Lindsey was also responsible for ensuring BHOTS' clients were provided with adequate care, supervision, and treatment in accordance with applicable legal standards.

9.    That Defendant Peter Harris was an employee and the Treatment Coordinator at BHOTS as well as a resident of South Carolina during the times alleged herein.

Defendant Harris was responsible for ensuring that each housing facility at BHOTS was adequately staffed and safe in accordance with applicable legal standards. Defendant Harris was also responsible for ensuring BHOTS' clients were provided with adequate care, supervision, and treatment in accordance with applicable legal standards.

10.    That Defendant Nicole White was an employee and the Treatment Coordinator at BHOTS as well as a resident of South Carolina during the times alleged herein. Defendant White was responsible for ensuring that each housing facility at BHOTS was adequately staffed and safe in accordance with applicable legal standards. Defendant White was also responsible for ensuring BHOTS' clients were provided with adequate care, supervision, and treatment in accordance with applicable legal standards.

11.    That Defendant Cynthia Brock was an employee and the Quality Assurance and Training Manager at BHOTS as well as a resident of South Carolina during the times alleged herein. Defendant Brock was responsible for ensuring that BHOTS provided adequate care for children in residence and for ensuring that staff had adequate training in accordance with applicable legal standards.

12.    That Defendant Richelle Owens was an employee and the Acting Treatment Coordinator at BHOTS during the months leading up to the attacks and sexual assaults. Defendant Owens was also a resident of South Carolina during the times alleged herein. Defendant Owens was also responsible for ensuring BHOTS' clients were provided with adequate care, supervision, and treatment in accordance with applicable legal standards.

4

**BHOTS Board of Directors Defendants**

13.    That Defendant Joel Stoudenmire was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Joel Stoudenmire had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served. Defendant Joel Stoudenmire was a resident of South Carolina during the times alleged herein.

14.    That Defendant Bryson Thomason was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Bryson Thomason had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served. Defendant Bryson Thomason was a resident of South Carolina during the times alleged herein.

15.    That Defendant F. Jordan Earle was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant F. Jordan Earle had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant F. Jordan Earle was a resident of South Carolina during the times alleged herein.

16.    That Defendant Dr. Clark Jernigan was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member,

Defendant Dr. Clark Jernigan had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served. Defendant Dr. Clark Jernigan was a resident of South Carolina during the times alleged herein.

17.    That Defendant Jon McClure was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Jon McClure had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant Jon McClure was a resident of South Carolina during the times alleged herein.

18.    That Defendant Cliff Brown was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Cliff Brown had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant Cliff Brown was a resident of South Carolina during the times alleged herein.

19.    That Defendant Dr. Betty McConaghy was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Dr. Betty McConaghy had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it

served.  Defendant Dr. Betty McConaghy was a resident of South Carolina during the times alleged herein.

20.     That Defendant Grant Burns was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Grant Burns had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant Grant Burns was a resident of South Carolina during the times alleged herein.

21.     That Defendant Malinda L. Robinson was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Malinda L. Robinson had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant Malinda L. Robinson was a resident of South Carolina during the times alleged herein.

22.     That Defendant Don Kiser was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Don Kiser had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant Don Kiser was a resident of South Carolina during the times alleged herein.

23.     That Defendant Steve Roach was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant

Steve Roach had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant Steve Roach was a resident of South Carolina during the times alleged herein.

24.     That Defendant Elliot Botzia was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Elliot Botzia had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served.  Defendant Elliot Botzia was a resident of South Carolina during the times alleged herein.

25.     That Defendant Katherine Symonette was a member of BHOTS's Board of Directors during the times of the allegations alleged in this complaint.  As a board member, Defendant Katherine Symonette had a duty of care and was required to actively participate in organizational planning and decision-making and to make sound and informed judgments on behalf of the organization and the children it served. Defendant Katherine Symonette was a resident of South Carolina during the times alleged herein.

## II.     JURISDICTION AND VENUE.

26.     Plaintiff incorporates paragraphs 1-25 as if it were incorporated herein verbatim.

27.     That this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, Federal Question, and 28 U.S.C. § 1367, Supplemental Jurisdiction.

28.    That venue is proper in this Court under 28 U.S.C. § 121(8). Because Plaintiff minor

child was in the custody of the Abbeville Department of Social Services, the acts and

omissions alleged herein occurred in Abbeville County, South Carolina.

### III.    BACKGROUND.

29.    Plaintiff incorporates paragraphs 1-28 as if it were incorporated herein verbatim.

30.    That Plaintiff W.S. sues to recover compensatory and punitive damages for injuries

caused by Defendants' tortious conduct and violations of his federal civil rights.

31.    That Plaintiff W.S. is over the age of eighteen (18) and under the age of nineteen

(19).

32.    That W.S. was nine years old when he was taken into the custody and care of the

South Carolina Department of Social Services in 2006.

33.    The Abbeville County Family Court terminated the parental rights of the parents of

W.S.  Plaintiff W.S. became a permanent ward of the State of South Carolina from

that period forward.

34.    That Defendant Cassandra Daniels was his SCDSS social worker beginning in 2006.

35.    That Defendant Ursula Best was Defendant Cassandra Daniel's supervisor and she

was responsible for approving all decisions made by Defendant Cassandra Daniel as

the case manager for W.S.

36.    That Defendant Ursula Best knew that W.S. was sexually abused while in foster care

and at the Boys Home of the South and she failed to rescue the child from the harm

he endured and she failed to require Defendant Cassandra Daniel to remove W.S.

from these dangerous placements.

37. That Defendant Ursula Best knew that children who are sexually abused need medical and psychological treatment and counseling and she failed to require that W.S. received such treatment after each occurrence of sexual abuse.

38. That, upon information and belief, before being placed in the custody of SCDSS, W.S. was a victim of sexual abuse.  Defendant Cassandra Daniel had notice of this, or should have had notice of this.  Despite knowing that W.S. had been sexually abused, Defendant Cassandra Daniel failed to investigate the possible sexual abuse, failed to procure forensic interviews for W.S., and failed to seek treatment for W.S.

39. That this history of victimization made W.S. more prone to sexual victimization if he were placed in foster homes or group homes that lacked proper supervision and treatment.

40. That at all times complained of during this action, Plaintiff W.S. was not able to consent to sex as he was under the age of fourteen (14) and not able to consent to sex with other children.

41. That Defendants SCDSS, BHOTS, Nikki Lindsey, and Cassandra Daniels learned about the sexual abuse after W.S. disclosed it to Defendant Nikki Lindsey.

42. That W.S. was placed at BHOTS from May 2008 to April 2011.

43. That none of the Defendants at SCDSS or BHOTS felt compelled to send Plaintiff W.S. to a forensic interview or to provide Plaintiff W.S. with treatment for sexual abuse.

44. That all of the SCDSS and BHOTS Defendants were on notice that children who have been sexually abused are more susceptible to being abused again.

45.    That while at BHOTS, Plaintiff W.S. was sexually abused by older children, and he was not monitored with his peers and younger children.  After notice of each event, none of the SCDSS and BHOTS Defendants did anything to prevent further victimization and provide him with treatment.

46.    That child on child sex was rampant at BHOTS.

47.    That a BHOTS Weekly Summary Note from March 29, 2009 to April 4, 2009 noted that W.S. was involved in sexual abuse.

48.    That the BHOTS Weekly Summary Note for the following week, May 31 to June 6, 2009, reported that W.S. had a Critical Incident Report stated that W.S. was found in bed with another resident and the resident was making sexual motions.  None of the SCDSS and BHOTS Defendants did anything to remove Plaintiff W.S. from the home and no one offered to provide him treatment.

49.    That a June 2009 BHOTS Critical Incident Report confirms that W.S. and other clients had been getting out of bed at night and that W.S. had been sexually abused. None of the SCDSS and BHOTS Defendants did anything to remove Plaintiff W.S. from the home and no one offered to provide him treatment.

50.    That on November 25, 2010, a BHOTS staff member found W.S. and another resident in bed together after 10:30 p.m.

51.    That Defendant Lindsey, BHOTS Treatment Coordinator, reported the incident to police and W.S. disclosed an older child had anal intercourse with him.  None of the SCDSS and BHOTS Defendants did anything to remove Plaintiff W.S. from the home and no one offered to provide him treatment.

52.     That a statement attached to a BHOTS Critical Incident Report notes that on

        November 26, 2010, W.S. stated to BHOTS staff that resident KA had sex with him

        three times and that he and resident DA had spoken in the past about sexual activities.

        Upon information and belief, these boys were older and one of them was prosecuted

        for criminal sexual conduct.

53.     That on November 29, 2010, BHOTS Treatment Coordinator, Defendant Lindsey,

        emailed Defendant Daniels about W.S.'s "sex problems." The email details several

        sexual incidents on different dates occurring between W.S. and several residents at

        BHOTS, including oral and anal sex.

54.     That in December 2010, Lindsey again emailed Daniels that W.S. admitted to having

        sex three times with three different people, at least two of whom were other residents

        at BHOTS.

55.     That in another December 2010 email, Lindsey reported to Daniels that an OHAN

        investigator met with W.S. and he disclosed to having anal sex with another young

        man, DS, who was also a resident at BHOTS. Lindsey states, "I'm not sure how big

        this problem is going to grow to be . . . [W.S.] has a major issue that's just coming to

        light for all of us."  Still, none of the SCDSS and BHOTS Defendants did anything to

        remove Plaintiff W.S. from the home and no one offered to provide him treatment.

56.     That W.S.'s official SCDSS Assessment and Case Plan from January 2010, signed by

        Defendants Best and Daniels, does not mention sexually inappropriate behavior or

        need for treatment.

57.     That an Individual Crisis Management Plan dated February 18, 2011 noted that W.S.

        disclosed to at least three sexual encounters on the BHOTS campus.

58.   That still, none of the SCDSS and BHOTS Defendants did anything to remove Plaintiff W.S. from the home and no one offered to provide him treatment.

59.   That instead, BHOTS decided to place W.S. in a cottage with younger and smaller children and another sexual incident occurred in March of 2011 with other children.

60.   That none of the SCDSS and BHOTS Defendants did anything to remove Plaintiff W.S. from the home and no one offered to provide him treatment.

61.   That the SCDSS and BHOTS Defendants had prior knowledge of the rampant sexual abuse at BHOTS involving not just W.S., but many other children.  None of these Defendants, who held themselves out to be professionals in the treatment and care of children, could be bothered to arrange treatment for W.S. or any of the other children.

62.   That the BHOTS Board of Directors Defendants were regularly briefed by the officers and staff of BHOTS about critical incidents of child on child sexual acting out during board meetings.

63.   That despite this knowledge, the BHOTS Board of Directors Defendants failed to implement safety measures to prevent such acts from happening again and require treatment for the boys who were victimized and who needed help.

64.   That as a direct and proximate result of Defendants' acts, W.S. suffered the following injuries: violation of his constitutional right under the Fourteenth Amendment to the United States Constitution to a safe and secure placement, violation of his constitutional right under the Fourteenth Amendment to the United States Constitution to safety and adequate care, great and permanent mental harm and injury, physical pain from the battery, emotional distress, alteration of his lifestyle, psychological trauma, apprehension, anxiety, depression, embarrassment, shame, and

a loss of enjoyment of life, all resulting from the abuse he suffered, which has and

will in the future cause him to spend money for mental health treatment services.

### First Cause of Action
**Violation of Fourteenth Amendment Right to a Safe and Secure Placement
(First Occurrence Against SCDSS Employees)**

65.    Plaintiff incorporates paragraphs 1-64 as if it were incorporated herein verbatim.

66.    That Plaintiff incorporates the allegations set forth in the foregoing paragraphs as if

they were fully set forth here.

67.    That the Fourteenth Amendment to the United States Constitution guarantees the

right of all children in custody to a safe and secure placement.

68.    That under 42 U.S.C. § 1983, persons acting under color of state law are liable for

violating constitutional rights.

69.    That SCDSS's Defendant employees (Cassandra Daniels and Ursula Best), acting in

their personal capacities under color of South Carolina Law, were, during November

2010, deliberately indifferent to W.S.'s constitutional right to a safe and secure foster

care placement so as to shock the conscience. They had notice of the danger in:

a.  Placing W.S. in BHOTS without adequate supervision along with a children they

knew to be dangerous and a risk to W.S.'s safety;

b.  Failing to adequately supervise W.S. and the children that assaulted him;

c.  Placing W.S.in the physical custody of BHOTS instead of with family members

or a private family foster home;

d.  Placing W.S.in the physical custody of BHOTS knowing that BHOTS lacked

adequate supervision;

e.  Failing to require nighttime supervision in the cottages at BHOTS;

    f.   Failing to adequately supervise BHOTS;

    g.   Failing to ensure that W.S. was adequately supervised at BHOTS after he was attacked and sexually assaulted;

    h.   Failing to institute adequate licensing policies and practices with respect to BHOTS; and

    i.   Failing to adequately regulate and supervise low management group care facilities, including BHOTS.

70.    That each of SCDSS's Defendant employees ignored these dangers notwithstanding their notice of them.

71.    That these failures were part of these Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

72.    That W.S. suffered the attacks and sexual assaults and the injuries set out in this Complaint as the direct and proximate result of the SCDSS's Defendant employees' constitutional violations.

## Second Cause of Action
### Violation of Fourteenth Amendment Right to a Safe and Secure Placement
### (Second Occurrence Against SCDSS Employees)

73.    Plaintiff incorporates paragraphs 1-72 as if it were incorporated herein verbatim.

74.    That Plaintiff incorporates the allegations set forth in the foregoing paragraphs as if they were fully set forth here.

75.    That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to a safe and secure placement.

76.    That under 42 U.S.C. § 1983, persons acting under color of state law are liable for violating constitutional rights.

77.   That SCDSS's Defendant employees (Cassandra Daniels and Ursula Best), acting in their personal capacities under color of South Carolina Law, were, during March 2011, deliberately indifferent to W.S.'s constitutional right to a safe and secure foster care placement so as to shock the conscience. They had notice of the danger in:

   a.   Placing W.S. in BHOTS without adequate supervision along with a children they knew to be dangerous and a risk to W.S.'s safety;

   b.   Failing to adequately supervise W.S. and the children that assaulted him;

   c.   Placing W.S.in the physical custody of BHOTS instead of with family members or a private family foster home;

   d.   Placing W.S.in the physical custody of BHOTS knowing that BHOTS lacked adequate supervision;

   e.   Failing to require nighttime supervision in the cottages at BHOTS;

   f.   Failing to adequately supervise BHOTS;

   g.   Failing to ensure that W.S. was adequately supervised at BHOTS after he was attacked and sexually assaulted;

   h.   Failing to institute adequate licensing policies and practices with respect to BHOTS; and

   i.   Failing to adequately regulate and supervise low management group care facilities, including BHOTS.

78.   That each of SCDSS's Defendant employees ignored these dangers notwithstanding their notice of them.

79.   That these failures were part of these Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

80.    That W.S. suffered the attacks and sexual assaults and the injuries set out in this

Complaint as the direct and proximate result of the SCDSS's Defendant employees'

constitutional violations.


**Third Cause of Action**
**Violation of Fourteenth Amendment Right to Adequate Care**
**(First Occurrence Against SCDSS Employees)**

81.    Plaintiff incorporates paragraphs 1-80 as if it were incorporated herein verbatim.

82.    That the Fourteenth Amendment to the United States Constitution guarantees the

right of all children in custody to safety and general well-being.

83.    That under 42 U.S.C. § 1983, persons acting under color of state law are liable for

violating constitutional rights.

84.    That SCDSS's Defendant employees (Cassandra Daniels and Ursula Best), acting in

their personal capacities under color of South Carolina Law, were deliberately

indifferent to W.S.'s constitutional right to safety and general well-being so as to

shock the conscience. They had notice of W.S.'s need for mental health treatment

after the attacks and sexual assaults during November 2010 and they had notice of the

danger in failing to provide these services to him, yet they chose to ignore these

dangers notwithstanding their notice of them.

85.    That these failures were part of these Defendants' policy, custom, pattern, or practice

of violating the constitutional rights of children in their care.

86.    They had notice and knowledge of the dangers created by SCDSS's policy, custom,

pattern, or practice of failing to provide adequate mental health treatment to children

in SCDSS custody, including children like W.S. who were victims of attacks and

sexual assaults, yet they chose to ignore these dangers notwithstanding the notice.

87.   That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the SCDSS's Defendant employees' constitutional violations.

**Fourth Cause of Action**
**Violation of Fourteenth Amendment Right to Adequate Care**
**(Second Occurrence Against SCDSS Employees)**

88.   Plaintiff incorporates paragraphs 1-87 as if it were incorporated herein verbatim.

89.   That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to safety and general well-being.

90.   That under 42 U.S.C. § 1983, persons acting under color of state law are liable for violating constitutional rights.

91.   That SCDSS's Defendant employees (Cassandra Daniels and Ursula Best), acting in their personal capacities under color of South Carolina Law, were deliberately indifferent to W.S.'s constitutional right to safety and general well-being so as to shock the conscience. They had notice of W.S.'s need for mental health treatment after the attacks and sexual assaults during March 2011 and they had notice of the danger in failing to provide these services to him, yet they chose to ignore these dangers notwithstanding their notice of them.

92.   That these failures were part of these Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

93.   They had notice and knowledge of the dangers created by SCDSS's policy, custom, pattern, or practice of failing to provide adequate mental health treatment to children in SCDSS custody, including children like W.S. who were victims of attacks and sexual assaults, yet they chose to ignore these dangers notwithstanding the notice.

18

94.     That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the SCDSS's Defendant employees' constitutional violations.

**Fifth Cause of Action**
**Grossly Negligent Supervision Under the South Carolina Solicitation of Charitable Funds Act**
**(First Occurrence Against BHOTS Defendants)**

95.     Plaintiff incorporates paragraphs 1-94 as if it were incorporated herein verbatim.

96.     That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees acting in the scope of their employment. BHOTS' employees are also liable for their own tortious actions.

97.     That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), acting within the scope of their employment, during March 2009, were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in:

a.      Placing W.S. at BHOTS without adequate supervision along with children they knew to be dangerous and a risk to W.S.'s safety;

b.      Failing to adequately supervise W.S. and the children that assaulted him;

c.      Failing to provide adequate 24-hour supervision at BHOTS; and

d.      Failing to provide adequate supervision of W.S. after he was attacked and sexually assaulted.

98.    That W.S. suffered the attacks and sexual assaults and the injuries set out in this

Complaint as the direct and proximate result of the BHOTS Defendants' tortious acts.

<u>Sixth Cause of Action</u>
**Grossly Negligent Supervision Under the South Carolina Solicitation of Charitable Funds Act**
**(Second Occurrence Against BHOTS Defendants)**

99.    Plaintiff incorporates paragraphs 1-98 as if it were incorporated herein verbatim.

100.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et*

*seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees acting in the scope of their employment. BHOTS' employees are also

liable for their own tortious actions.

101.    That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes,

Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and

Richelle Owens), acting within the scope of their employment, during June 2009,

were negligent, willful, wanton, careless, grossly negligent, and failed to exercise

even slight care in:

a.    Placing W.S. at BHOTS without adequate supervision along with children

they knew to be dangerous and a risk to W.S.'s safety;

b.    Failing to adequately supervise W.S. and the children that assaulted him;

c.    Failing to provide adequate 24-hour supervision at BHOTS; and

d.    Failing to provide adequate supervision of W.S. after he was attacked and

sexually assaulted.

102.  That W.S. suffered the attacks and sexual assaults and the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' tortious acts.

**Seventh Cause of Action**
**Grossly Negligent Supervision Under the South Carolina Solicitation of Charitable Funds Act**
**(Third Occurrence Against BHOTS Defendants)**

103.  Plaintiff incorporates paragraphs 1-102 as if it were incorporated herein verbatim.

104.  That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees acting in the scope of their employment. BHOTS' employees are also liable for their own tortious actions.

105.  That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), acting within the scope of their employment, during November 2010, were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in:

    a.  Placing W.S. at BHOTS without adequate supervision along with children they knew to be dangerous and a risk to W.S.'s safety;

    b.  Failing to adequately supervise W.S. and the children that assaulted him;

    c.  Failing to provide adequate 24-hour supervision at BHOTS; and

    d.  Failing to provide adequate supervision of W.S. after he was attacked and sexually assaulted.

106.    That W.S. suffered the attacks and sexual assaults and the injuries set out in this

Complaint as the direct and proximate result of the BHOTS Defendants' tortious acts.

**Eighth Cause of Action**
**Grossly Negligent Supervision Under the South Carolina Solicitation of Charitable Funds Act**
**(Fourth Occurrence Against BHOTS Defendants)**

107.    Plaintiff incorporates paragraphs 1-106 as if it were incorporated herein verbatim.

108.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et*

*seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees acting in the scope of their employment. BHOTS' employees are also

liable for their own tortious actions.

109.    That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes,

Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and

Richelle Owens), acting within the scope of their employment, during March 2011,

were negligent, willful, wanton, careless, grossly negligent, and failed to exercise

even slight care in:

    a.    Placing W.S. at BHOTS without adequate supervision along with children

        they knew to be dangerous and a risk to W.S.'s safety;

    b.    Failing to adequately supervise W.S. and the children that assaulted him;

    c.    Failing to provide adequate 24-hour supervision at BHOTS; and

    d.    Failing to provide adequate supervision of W.S. after he was attacked and

        sexually assaulted.

110.    That W.S. suffered the attacks and sexual assaults and the injuries set out in this

Complaint as the direct and proximate result of the BHOTS Defendants' tortious acts.

### Ninth Cause of Action
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act**
**(First Occurrence Against BHOTS Defendants)**

111.    Plaintiff incorporates paragraphs 1-110 as if it were incorporated herein verbatim.

112.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et*

*seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees and agents performed in the scope of their employment. BHOTS'

employees are also liable for their own tortious acts.

113.    That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes,

Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and

Richelle Owens), acting in the scope of their employment, during March 2009, were

negligent, willful, wanton, careless, grossly negligent, and failed to exercise even

slight care in failing to provide W.S. with proper and prompt mental health treatment

after he was attacked and sexually assaulted.

114.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate

result of the BHOTS Defendants' tortious acts.

115.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross

negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South

Carolina 1976, as amended) from the acts giving rise to the previous Causes of

Action.

**Tenth Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act**
**(Second Occurrence Against BHOTS Defendants)**

116.    Plaintiff incorporates paragraphs 1-116 as if it were incorporated herein verbatim.

117.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment. BHOTS' employees are also liable for their own tortious acts.

118.    That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), acting in the scope of their employment, during June 2009, were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide W.S. with proper and prompt mental health treatment after he was attacked and sexually assaulted.

119.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' tortious acts.

120.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South Carolina 1976, as amended) from the acts giving rise to the previous Causes of Action.

**Eleventh Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of**
**Charitable Funds Act**
**(Third Occurrence Against BHOTS Defendants)**

121.    Plaintiff incorporates paragraphs 1-120 as if it were incorporated herein verbatim.

122.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et*

*seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees and agents performed in the scope of their employment. BHOTS'

employees are also liable for their own tortious acts.

123.    That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes,

Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and

Richelle Owens), acting in the scope of their employment, during November 2010,

were negligent, willful, wanton, careless, grossly negligent, and failed to exercise

even slight care in failing to provide W.S. with proper and prompt mental health

treatment after he was attacked and sexually assaulted.

124.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate

result of the BHOTS Defendants' tortious acts.

125.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross

negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South

Carolina 1976, as amended) from the acts giving rise to the previous Causes of

Action.

**Twelfth Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act**
**(Fourth Occurrence Against BHOTS Defendants)**

126.    Plaintiff incorporates paragraphs 1-125 as if it were incorporated herein verbatim.

127.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment. BHOTS' employees are also liable for their own tortious acts.

128.    That Defendant BHOTS and the other BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), acting in the scope of their employment, during March 2011, were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide W.S. with proper and prompt mental health treatment after he was attacked and sexually assaulted.

129.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' tortious acts.

130.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South Carolina 1976, as amended) from the acts giving rise to the previous Causes of Action.

**Thirteenth Cause of Action**
**Violation of Fourteenth Amendment Right to a Safe and Secure Placement**
**(First Occurrence Against BHOTS Defendants)**

131.    Plaintiff incorporates paragraphs 1-130 as if it were incorporated herein verbatim.

132.    That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to a safe and secure placement.

133.    That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

134.    That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state actors acting under color of South Carolina Law, during March 2009, were deliberately indifferent to W.S.'s constitutional right to a safe and secure foster care placement so as to shock the conscience. The BHOTS Defendants had notice of the danger in:

    a.    Placing W.S. at BHOTS without adequate supervision along with children they knew to be dangerous and a risk to W.S.'s safety;

    b.    Failing to adequately supervise W.S. and the child that assaulted him;

    c.    Failing to provide adequate 24-hour supervision of the cottages at BHOTS; and

    d.    Failing to provide adequate supervision of W.S. after he was attacked and sexually assaulted.

135.    That the BHOTS Defendants ignored these dangers notwithstanding their notice of them.

136.    That these failures were part of the BHOTS Defendants' policy, custom, pattern, or practice of violating the Fourteenth Amendment rights of children in their care.

137.   That W.S. suffered the attacks and sexual assaults and the injuries set out in this
       Complaint as the direct and proximate result of the BHOTS Defendants'
       constitutional violations.

**Fourteenth Cause of Action**
**Violation of Fourteenth Amendment Right to a Safe and Secure Placement**
**(Second Occurrence Against BHOTS Defendants)**

138.   Plaintiff incorporates paragraphs 1-137 as if it were incorporated herein verbatim.

139.   That the Fourteenth Amendment to the United States Constitution guarantees the
       right of all children in custody to a safe and secure placement.

140.   That under 42 U.S.C. § 1983, persons (including corporations) acting under color of
       state law are liable for violating constitutional rights.

141.   That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter
       Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state
       actors acting under color of South Carolina Law, during June 2009, were deliberately
       indifferent to W.S.'s constitutional right to a safe and secure foster care placement so
       as to shock the conscience. The BHOTS Defendants had notice of the danger in:

       a.   Placing W.S. at BHOTS without adequate supervision along with children
            they knew to be dangerous and a risk to W.S.'s safety;

       b.   Failing to adequately supervise W.S. and the child that assaulted him;

       c.   Failing to provide adequate 24-hour supervision of the cottages at
            BHOTS; and

       d.   Failing to provide adequate supervision of W.S. after he was attacked and
            sexually assaulted.

142.  That the BHOTS Defendants ignored these dangers notwithstanding their notice of them.

143.  That these failures were part of the BHOTS Defendants' policy, custom, pattern, or practice of violating the Fourteenth Amendment rights of children in their care.

144.  That W.S. suffered the attacks and sexual assaults and the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' constitutional violations.

**Fifteenth Cause of Action**
**Violation of Fourteenth Amendment Right to a Safe and Secure Placement**
**(Third Occurrence Against BHOTS Defendants)**

145.  Plaintiff incorporates paragraphs 1-144 as if it were incorporated herein verbatim.

146.  That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to a safe and secure placement.

147.  That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

148.  That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state actors acting under color of South Carolina Law, during November 2010, were deliberately indifferent to W.S.'s constitutional right to a safe and secure foster care placement so as to shock the conscience. The BHOTS Defendants had notice of the danger in:

    a.  Placing W.S. at BHOTS without adequate supervision along with children they knew to be dangerous and a risk to W.S.'s safety;

    b.  Failing to adequately supervise W.S. and the child that assaulted him;

c.      Failing to provide adequate 24-hour supervision of the cottages at

BHOTS; and

d.      Failing to provide adequate supervision of W.S. after he was attacked and

sexually assaulted.

149.    That the BHOTS Defendants ignored these dangers notwithstanding their notice of

them.

150.    That these failures were part of the BHOTS Defendants' policy, custom, pattern, or

practice of violating the Fourteenth Amendment rights of children in their care.

151.    That W.S. suffered the attacks and sexual assaults and the injuries set out in this

Complaint as the direct and proximate result of the BHOTS Defendants'

constitutional violations.


**Sixteenth Cause of Action**
**Violation of Fourteenth Amendment Right to a Safe and Secure Placement**
**(Fourth Occurrence Against BHOTS Defendants)**

152.    Plaintiff incorporates paragraphs 1-151 as if it were incorporated herein verbatim.

153.    That the Fourteenth Amendment to the United States Constitution guarantees the

right of all children in custody to a safe and secure placement.

154.    That under 42 U.S.C. § 1983, persons (including corporations) acting under color of

state law are liable for violating constitutional rights.

155.    That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter

Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state

actors acting under color of South Carolina Law, during March 2011, were

deliberately indifferent to W.S.'s constitutional right to a safe and secure foster care

30

placement so as to shock the conscience. The BHOTS Defendants had notice of the

danger in:

    a.    Placing W.S. at BHOTS without adequate supervision along with children

        they knew to be dangerous and a risk to W.S.'s safety;

    b.    Failing to adequately supervise W.S. and the child that assaulted him;

    c.    Failing to provide adequate 24-hour supervision of the cottages at

        BHOTS; and

    d.    Failing to provide adequate supervision of W.S. after he was attacked and

        sexually assaulted.

156.    That the BHOTS Defendants ignored these dangers notwithstanding their notice of

them.

157.    That these failures were part of the BHOTS Defendants' policy, custom, pattern, or

practice of violating the Fourteenth Amendment rights of children in their care.

158.    That W.S. suffered the attacks and sexual assaults and the injuries set out in this

Complaint as the direct and proximate result of the BHOTS Defendants'

constitutional violations.

**<u>Seventeenth Cause of Action</u>**
**Violation of Fourteenth Amendment Right to Adequate Care**
**(First Occurrence Against BHOTS Defendants)**

159.    Plaintiff incorporates paragraphs 1-158 as if it were incorporated herein verbatim.

160.    That the Fourteenth Amendment to the United States Constitution guarantees the

right of all children in custody to safety and general well-being.

161.    That under 42 U.S.C. § 1983, persons (including corporations) acting under color of

state law are liable for violating constitutional rights.

162.   That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state actors acting under color of South Carolina Law, during March 2009, were deliberately indifferent to W.S.'s constitutional right to safety and general well-being so as to shock the conscience. The BHOTS Defendants had notice of W.S.'s need for mental health treatment after the attacks and sexual assaults and they had notice of the danger in failing to provide these services to him, yet the BHOTS Defendants chose to ignore these dangers notwithstanding their notice of them.

163.   That these failures were part of the BHOTS Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

164.   That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' constitutional violations.

**<u>Eighteenth Cause of Action</u>**
**Violation of Fourteenth Amendment Right to Adequate Care**
**(Second Occurrence Against BHOTS Defendants)**

165.   Plaintiff incorporates paragraphs 1-164 as if it were incorporated herein verbatim.

166.   That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to safety and general well-being.

167.   That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

168.   That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state actors acting under color of South Carolina Law, during June 2009, were deliberately indifferent to W.S.'s constitutional right to safety and general well-being so as to

shock the conscience. The BHOTS Defendants had notice of W.S.'s need for mental health treatment after the attacks and sexual assaults and they had notice of the danger in failing to provide these services to him, yet the BHOTS Defendants chose to ignore these dangers notwithstanding their notice of them.

169.    That these failures were part of the BHOTS Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

170.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' constitutional violations.


**Nineteenth Cause of Action**
**Violation of Fourteenth Amendment Right to Adequate Care**
**(First Occurrence Against BHOTS Defendants)**

171.    Plaintiff incorporates paragraphs 1-170 as if it were incorporated herein verbatim.

172.    That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to safety and general well-being.

173.    That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

174.    That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state actors acting under color of South Carolina Law, during November 2010, were deliberately indifferent to W.S.'s constitutional right to safety and general well-being so as to shock the conscience. The BHOTS Defendants had notice of W.S.'s need for mental health treatment after the attacks and sexual assaults and they had notice of the danger in failing to provide these services to him, yet the BHOTS Defendants chose to ignore these dangers notwithstanding their notice of them.

175.    That these failures were part of the BHOTS Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

176.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' constitutional violations.


**Twentieth Cause of Action**
**Violation of Fourteenth Amendment Right to Adequate Care**
**(Fourth Occurrence Against BHOTS Defendants)**

177.    Plaintiff incorporates paragraphs 1-176 as if it were incorporated herein verbatim.

178.    That the Fourteenth Amendment to the United States Constitution guarantees the right of all children in custody to safety and general well-being.

179.    That under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights.

180.    That the BHOTS Defendants (BHOTS, Vernon Hayes, Kathy Cook, Ph.D., Peter Harris, Nicole White, Nicole Lindsey, Cynthia Brock, and Richelle Owens), state actors acting under color of South Carolina Law, during March 2011, were deliberately indifferent to W.S.'s constitutional right to safety and general well-being so as to shock the conscience. The BHOTS Defendants had notice of W.S.'s need for mental health treatment after the attacks and sexual assaults and they had notice of the danger in failing to provide these services to him, yet the BHOTS Defendants chose to ignore these dangers notwithstanding their notice of them.

181.    That these failures were part of the BHOTS Defendants' policy, custom, pattern, or practice of violating the constitutional rights of children in their care.

182.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Defendants' constitutional violations.

**Twenty-First Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act**
**(First Occurrence Against BHOTS Defendants)**

183.   Plaintiff incorporates paragraphs 1-182 as if it were incorporated herein verbatim.

184.   That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment. BHOTS' employees are also liable for their own tortious acts.

185.   That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F. Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy, Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and Katherine Symonette), acting in the scope of their duties as board members, before March 2009, were regularly briefed by the officers and staff of BHOTS about critical incidents of child on child sexual acting out during board meetings.

186.   That despite this knowledge, the BHOTS Board of Directors Defendants failed to implement safety measures to prevent such acts from happening again.

187.   That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide W.S. with proper and prompt mental health treatment after he was attacked and sexually assaulted.

188.   That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Board of Directors Defendants tortious acts.

189.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross

negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South

Carolina 1976, as amended) from the acts giving rise to the previous Causes of

Action.

**Twenty-Second Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of**
**Charitable Funds Act**
**(Second Occurrence Against BHOTS Defendants)**

190.    Plaintiff incorporates paragraphs 1-189 as if it were incorporated herein verbatim.

191.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et*

*seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees and agents performed in the scope of their employment. BHOTS'

employees are also liable for their own tortious acts.

192.    That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F.

Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy,

Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and

Katherine Symonette), acting in the scope of their duties as board members, before

June 2009, were regularly briefed by the officers and staff of BHOTS about critical

incidents of child on child sexual acting out during board meetings.

193.    That despite this knowledge, the BHOTS Board of Directors Defendants failed to

implement safety measures to prevent such acts from happening again.

194.    That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless,

grossly negligent, and failed to exercise even slight care in failing to provide W.S.

with proper and prompt mental health treatment after he was attacked and sexually assaulted.

195.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Board of Directors Defendants tortious acts.

196.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South Carolina 1976, as amended) from the acts giving rise to the previous Causes of Action.

**Twenty-Third Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act**
**(Third Occurrence Against BHOTS Defendants)**

197.    Plaintiff incorporates paragraphs 1-196 as if it were incorporated herein verbatim.

198.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment. BHOTS' employees are also liable for their own tortious acts.

199.    That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F. Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy, Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and Katherine Symonette), acting in the scope of their duties as board members, before November 2010, were regularly briefed by the officers and staff of BHOTS about critical incidents of child on child sexual acting out during board meetings.

200.    That despite this knowledge, the BHOTS Board of Directors Defendants failed to

implement safety measures to prevent such acts from happening again.

201.    That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless,

grossly negligent, and failed to exercise even slight care in failing to provide W.S.

with proper and prompt mental health treatment after he was attacked and sexually

assaulted.

202.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate

result of the BHOTS Board of Directors Defendants tortious acts.

203.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross

negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South

Carolina 1976, as amended) from the acts giving rise to the previous Causes of

Action.


### Twenty-Fourth Cause of Action
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of
Charitable Funds Act
(Fourth Occurrence Against BHOTS Defendants)**

204.    Plaintiff incorporates paragraphs 1-203 as if it were incorporated herein verbatim.

205.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et*

*seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees and agents performed in the scope of their employment. BHOTS'

employees are also liable for their own tortious acts.

206.    That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F.

Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy,

Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and

Katherine Symonette), acting in the scope of their duties as board members, before

March 2011, were regularly briefed by the officers and staff of BHOTS about critical

incidents of child on child sexual acting out during board meetings.

207.    That despite this knowledge, the BHOTS Board of Directors Defendants failed to

implement safety measures to prevent such acts from happening again.

208.    That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless,

grossly negligent, and failed to exercise even slight care in failing to provide W.S.

with proper and prompt mental health treatment after he was attacked and sexually

assaulted.

209.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate

result of the BHOTS Board of Directors Defendants tortious acts.

210.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross

negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South

Carolina 1976, as amended) from the acts giving rise to the previous Causes of

Action.


### Twenty-Fifth Cause of Action
### Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act
### (First Occurrence Against BHOTS Defendants)

211.    Plaintiff incorporates paragraphs 1-210 as if it were incorporated herein verbatim.

212.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et*

*seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees and agents performed in the scope of their employment. BHOTS' employees are also liable for their own tortious acts.

213.    That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F. Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy, Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and Katherine Symonette), acting in the scope of their duties as board members, before March 2009, were regularly briefed by the officers and staff of BHOTS about critical incidents of child on child sexual acting out during board meetings.

214.    That despite this knowledge, the BHOTS Board of Directors Defendants failed to require treatment for the boys who were victimized and who needed help.

215.    That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide W.S. with proper and prompt mental health treatment after he was attacked and sexually assaulted.

216.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Board of Directors Defendants tortious acts.

217.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South Carolina 1976, as amended) from the acts giving rise to the previous Causes of Action.

**Twenty-Sixth Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act**
**(Second Occurrence Against BHOTS Defendants)**

218.    Plaintiff incorporates paragraphs 1-217 as if it were incorporated herein verbatim.

219.    That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment. BHOTS' employees are also liable for their own tortious acts.

220.    That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F. Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy, Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and Katherine Symonette), acting in the scope of their duties as board members, before June 2009, were regularly briefed by the officers and staff of BHOTS about critical incidents of child on child sexual acting out during board meetings.

221.    That despite this knowledge, the BHOTS Board of Directors Defendants failed to require treatment for the boys who were victimized and who needed help.

222.    That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide W.S. with proper and prompt mental health treatment after he was attacked and sexually assaulted.

223.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Board of Directors Defendants tortious acts.

224.     That W.S.'s losses under this Cause of Action proximately flow from acts of gross

negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South

Carolina 1976, as amended) from the acts giving rise to the previous Causes of

Action.

<u>**Twenty-Seventh Cause of Action**</u>
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of
Charitable Funds Act
(Third Occurrence Against BHOTS Defendants)**

225.     Plaintiff incorporates paragraphs 1-224 as if it were incorporated herein verbatim.

226.     That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et

seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law

of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its

employees and agents performed in the scope of their employment. BHOTS'

employees are also liable for their own tortious acts.

227.     That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F.

Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy,

Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and

Katherine Symonette), acting in the scope of their duties as board members, before

November 2010, were regularly briefed by the officers and staff of BHOTS about

critical incidents of child on child sexual acting out during board meetings.

228.     That despite this knowledge, the BHOTS Board of Directors Defendants failed to

require treatment for the boys who were victimized and who needed help.

229.     That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless,

grossly negligent, and failed to exercise even slight care in failing to provide W.S.

with proper and prompt mental health treatment after he was attacked and sexually assaulted.

230. That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Board of Directors Defendants tortious acts.

231. That W.S.'s losses under this Cause of Action proximately flow from acts of gross negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South Carolina 1976, as amended) from the acts giving rise to the previous Causes of Action.

**Twenty-Eighth Cause of Action**
**Gross Negligence in Failing to Provide Treatment Under the South Carolina Solicitation of Charitable Funds Act**
**(Fourth Occurrence Against BHOTS Defendants)**

232. Plaintiff incorporates paragraphs 1-231 as if it were incorporated herein verbatim.

233. That under the South Carolina Solicitation of Charitable Funds Act, § 33-56-10 *et seq.* of the Code of Law of South Carolina 1976, as amended, and the Common Law of South Carolina, BHOTS is liable for its tortious acts and the tortious acts of its employees and agents performed in the scope of their employment. BHOTS' employees are also liable for their own tortious acts.

234. That Defendant BHOTS Board of Directors (Joel Stoudenmire, Bryson Thomason, F. Jordan Earle, Dr. Clark Jernigan, Jon McClure, Cliff Brown, Dr. Betty McConaghy, Grant Burns, Malinda L. Robinson, Don Kiser, Steve Roach, Elliot Botzia, and Katherine Symonette), acting in the scope of their duties as board members, before March 2011, were regularly briefed by the officers and staff of BHOTS about critical incidents of child on child sexual acting out during board meetings.

235.    That despite this knowledge, the BHOTS Board of Directors Defendants failed to require treatment for the boys who were victimized and who needed help.

236.    That Defendant BHOTS Board of Directors were negligent, willful, wanton, careless, grossly negligent, and failed to exercise even slight care in failing to provide W.S. with proper and prompt mental health treatment after he was attacked and sexually assaulted.

237.    That W.S. suffered the injuries set out in this Complaint as the direct and proximate result of the BHOTS Board of Directors Defendants tortious acts.

238.    That W.S.'s losses under this Cause of Action proximately flow from acts of gross negligence different (as defined by Section 15-78-30(g) of the Code of Laws of South Carolina 1976, as amended) from the acts giving rise to the previous Causes of Action.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor for:

A.  Damages in the appropriate amount;

B.  Punitive damages as are appropriate and when allowed by statute or the common law;

C.  Attorneys' fees, costs, expenses, and disbursements of this action when allowed by statute or the common law;

D.  Interest; and

E.  Such other and further relief as is just and proper.

Respectfully Submitted,

s//Robert J. Butcher

Robert J. Butcher
The Foster Care Abuse Law Firm, PA
221 Glenwood Drive
Manning, South Carolina 29102
P.O. Box 486
Manning, South Carolina 29102
Telephone: (803) 432-7599
Facsimile: (803) 432-7499
Email: rbutcher@camdensc-law.com

Thomas E. Hite Jr.
Heather Hite Stone
Hite & Stone
100 East Pickens Street
P.O. Box 805
Abbeville, SC 29620
Telephone: (864) 366-5400
Facsimile: (864) 366-2638
Email: heatherstone@wctel.net

Manning, South Carolina
April 1, 2016