

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| W.S., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:16-01032-MGL |
| | § | |
| CASSANDRA DANIELS; URSULA BEST; | § | |
| and SOUTH CAROLINA DEPARTMENT OF | § | |
| SOCIAL SERVICES, | § | |
|     Defendants. | § | |

| | | |
|---|---|---|
| W.S., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:16-01280-MGL |
| | § | |
| CASSANDRA DANIELS; URSULA BEST; | § | |
| and SOUTH CAROLINA DEPARTMENT OF | § | |
| SOCIAL SERVICES, | § | |
|     Defendants. | § | |

**AMENDED MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO QUASH SUBPOENA**

**I.     INTRODUCTION**

Plaintiff W.S. (Plaintiff) filed this lawsuit as a 42 U.S.C. § 1983 action. He also asserts state law claims against Defendants Cassandra Daniels, Ursula Best, and South Carolina Department of Social Services (SCDSS) (collectively, Defendants) under the South Carolina Tort Claims Act. The Court has jurisdiction over the matter under 28 U.S.C. §§ 1331 and 1367. Pending before the Court is Defendants' motion to quash the January 31, 2017, subpoena issued

to Boys Home of the South (BHOTS), which was served on February 13, 2017, under Rule 45(d)(3) of the Federal Rules of Civil Procedure. Having carefully considered the motion, the response, the reply, the sur-reply, the record, and the applicable law, it is the judgment of the Court Defendants' motion will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

In Plaintiff's Complaint, he alleges he was involved in various sexual activities with other minors while residing at BHOTS and in the custody of SCDSS. On February 13, 2017, Plaintiff served a subpoena—issued on January 31, 2017—on BHOTS, a former defendant in this action. The subpoena seeks, in relevant part, documents for all minor children and all staff at BHOTS which involve abuse or neglect or serious or critical incidents concerning any child resident or staff at BHOTS from 2000 until April 19, 2011. *See* ECF No. 57-1.

BHOTS has neglected to object to Plaintiff's subpoena. According to Plaintiff, BHOTS has gathered the relevant materials and stands ready to produce them upon order of the Court. Defendants object to the subpoena, however, and initially filed a motion to quash on April 26, 2017. ECF No. 42. Because Defendants failed to abide by the Court's direction in the scheduling order requiring consultation with opposing counsel and, if necessary, a conference with the Court, the Court dismissed without prejudice Defendants' motion. ECF No. 44.

Plaintiff and Defendants subsequently engaged in extensive consultation and resolved many of the issues underlying Defendants' objections to the subpoena. For example, the parties agree the scope of the subpoena shall be limited to the following individuals specifically identified in Plaintiff's affidavit: D.H., K.W., J.F., D.A., D.S., B.P., A.V., D.C., and B.S. ECF No. 57 at 1. Plaintiff has also agreed not to pursue further discovery on three of the individuals listed in his

affidavit who are identified as: W.A., W.B., and W.H. *Id.* The parties have further agreed to limit the subpoena from 2003 until April 19, 2011, which is the date Plaintiff left the custody of BHOTS. *Id.*

Nevertheless, the parties were unable to resolve the entire dispute. The primary contested issue involves Defendants' desire for the Court to conduct an in-camera review prior to the disclosure of the records involving alleged sexual activities of other children and Plaintiff's opposition to the same.

Pursuant to the Court's direction, Defendants filed their instant motion to quash on June 15, 2017. ECF No. 57. Plaintiff filed his response in opposition on June 20, 2017, Defendants filed their reply on June 27, 2017, and Plaintiff filed a sur-reply on June 28, 2017. The Court, having been fully briefed on the relevant issues, is now prepared to make a determination on the merits of the motion.

### III. STANDARD OF REVIEW

Courts are given broad discretion to manage discovery and make discovery rulings. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion." (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995))). Further, a district court has discretion to order discovery of any relevant matters. *See Watson v. Lowcountry Red Cross*, 974 F.2d 482, 488-89 (4th Cir. 1992). Under Rule 45 of the Federal Rules of Civil Procedure, upon "timely motion, the court for the district where compliance [with a subpoena] is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or

waiver applies." Fed. R. Civ. P. 45(d)(3)(A).

IV. **CONTENTIONS OF THE PARTIES**

In Defendants' motion to quash, they maintain the Court should conduct an in-camera review prior to disclosure of records involving alleged sexual activities of other children. Defendants cite S.C. Code Ann. § 63-7-1990 (the Children's Code) for this proposition and appear to allege these documents are protected by a third-party privacy privilege purportedly established by the Children's Code. Defendants also aver an in-camera review of these documents is warranted because, among other things, these other children are not parties to this action, and the requested records are extraordinarily sensitive in nature. Defendants urge the Court to apply the scheme for in-camera review set forth in *N.G. ex rel. Gaymon v. South Carolina Department of Social Services*, No. 0:10-cv-02973-CMC, 2011 WL 1642331 (D.S.C. May 2, 2011), in which the district court concluded an in-camera review of records of the type sought by Plaintiff was warranted. Finally, Defendants argue the scope of the subpoena should be further narrowed to documents involving issues of a sexual nature.

Plaintiff takes issue with Defendants' positions.

V. **DISCUSSION AND ANALYSIS**

As noted above, Defendants seek to quash the subpoena on the basis of the confidentiality provision contained in the Children's Code. The Children's Code governs the release of records and information maintained by SCDSS and the Central Registry of Child Abuse and Neglect and provides all reports made and information collected by those entities are confidential. S.C. Code Ann. § 63-7-1990(A). The Children's Code allows for limited disclosure of documents falling

within its scope and imposes criminal penalties for unauthorized disclosure. *Id.* As is relevant here, the Children's Code allows disclosure to

> the parties to a court proceeding in which information in the records is legally relevant and necessary for the determination of an issue before the court, if before the disclosure the judge has reviewed the records in camera, has determined the relevancy and necessity of the disclosure, and has limited disclosure to legally relevant information under a protective order.

*Id.* § 63-7-1990(B)(11).

Rule 26 of the Federal Rules of Civil Procedure gives the general framework for determining the scope of allowable discovery for cases in federal courts, providing "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Accordingly, all relevant material is discoverable unless an applicable discovery privilege is asserted, but Rule 26(c) grants federal judges the discretion to issue protective orders imposing restrictions on the extent and manner of discovery where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

It follows a party may seek the protection of sensitive—but relevant—information such as at issue here by either (1) arguing the information is protected by a privilege or (2) by petitioning the court for a protective order limiting discovery in accordance with Rule 26(c). Although Defendants have failed to clearly articulate in their motion whether they contend a privilege applies, that is the sole issue for the Court to decide in adjudicating Defendants' motion to quash. If there is a privilege, then the dictates of the Children's Code apply and the Court will consider limiting the discovery sought by conducting an in-camera review of the documents requested by Plaintiff. If there is no privilege, however, then the Court need not follow the in-camera review requirement set forth in the Children's Code.

All privileges asserted in federal court are governed by Rule 501 of the Federal Rules of Evidence, which provides "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." Fed. R. Evid. 501. In a civil case, though, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.*

The case at hand, however, involves both federal and state law claims in the same action, and the evidence in dispute is evidently relevant to both the state and the federal claims. The United States Court of Appeals for the Fourth Circuit has resolved the potential conflict between federal and state privilege law in favor of federal privilege law, conclusively holding "in a case involving both federal and state law claims, the federal law of privilege applies." *Virmani v. Novant Health Inc.*, 259 F.3d 284, 293 n.3 (4th Cir. 2001). Therefore, for resolution of the present discovery dispute, concerning material relevant to both federal and state law claims, the Court will apply federal privilege law.

The parties have failed to direct the Court to, and the Court has been unable to find, any federal appellate decisions that have, as a matter of federal common law, recognized privileges of the sort contemplated by the Children's Code. Thus, Defendants are effectively requesting the Court recognize quite a novel third-party privacy privilege as part of the federal common law.

"[P]rivileges are not lightly created, because privileges contravene the fundamental principle that the public . . . has a right to every man's evidence." *Id.* at 287 (citations omitted) (internal quotation marks omitted). "When considering whether to recognize a privilege, a court must begin with 'the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so

many derogations from a positive general rule.'" *Id.* (quoting *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996)). Consequently, in determining whether to recognize a new privilege, the Court "should not 'create and apply [a] privilege unless it promotes sufficiently important interests to outweigh the need for probative evidence.'" *Id.* (quoting *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990)); *see also Pearson v. Miller*, 211 F.3d 57, 67 (3d Cir. 2000) ("[F]ederal courts are to assess the appropriateness of new privileges as they arise in particular cases, but they are to conduct that assessment with a recognition that only the most compelling candidates will overcome the law's weighty dependence on the availability of relevant evidence.").

Recognizing a particular federal privilege rests on a stronger basis where the information sought is protected by a state privilege, due to principles of federalism and comity. *See Jaffee*, 518 U.S. at 12-13. Moreover, a court should closely scrutinize the state interests embodied in the state's rule of privilege, and any countervailing federal interests implicated in the case should be undertaken to ensure vindication of the paramount federal interest with as minimal an intrusion on the state interests as is consistent with the federal claim. *See In re Int'l Horizons, Inc.*, 689 F.2d 996, 1004 (11th Cir. 1982). "The appropriateness of deference to a state's law of privilege is diminished, however, in cases in which a defendant state actor alleged to have violated citizens' federal rights is asserting the privilege." *Pearson*, 211 F.3d at 68.

As an initial matter, it does not appear the South Carolina Legislature, by its enactment of the Children's Code, intended to create a "privilege" within the meaning of Fed. R. Civ. P. 26 and Fed. R. Evid. 501. As previously observed, the Children's Code mandates the confidentiality of documents falling within its scope. *See* § 63-7-1990.

A non-disclosure or confidentiality provision in a statute may not always create a privilege, especially if the legislature "d[id] not explicitly create [a] privilege." *Am. Civil Liberties Union of*

7

*Miss., Inc. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981). A state statute's mere assertion the records in question are confidential does not make out a sufficient claim the records are privileged within the meaning of the relevant rules. *See Nguyen Da Yen v. Kissinger*, 528 F.2d 1194, 1205 (9th Cir. 1975) ("The records are confidential but not privileged.").

Ultimately, the Court must determine, granting due respect to South Carolina's protections in the Children's Code, whether the third-party privacy privilege "apparently sought by Defendants 'promotes sufficiently important interests to outweigh the need for probative evidence,' where the need for probative evidence is viewed as a very weighty consideration indeed—to the extent that only the strongest considerations on the other side of the scale are capable of outweighing it." *See Pearson*, 211 F.3d at 69 (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980)).

Here, the fundamental issue is whether federal law should recognize a privilege directed at the interests of third parties—the children whose records are sought—whose interests may be affected by the release of the information here in dispute. Notably, the Children's Code seeks to protect third-party interests through its confidentiality provision. It is uncontested these interests hold substantial weight due to the importance of South Carolina's activities directed at the welfare of children.

Nevertheless, the Court is persuaded, as other courts have held, these third-party interests are poor candidates for the protection of a Rule 501 privilege, particularly when considering the novelty of the third-party privacy privilege sought by Defendants. *See, e.g.*, *id.* at 70-72 (declining to recognize a privilege under the Federal Rules of Evidence based on the confidentiality provisions of state statutes). Rather, the Court holds these interests can be more appropriately protected by the Court's issuing a protective order limiting discovery in accordance with Rule 26(c).

Regarding such a protective order, the Court reiterates the parties' agreement to narrow the scope of the subpoena extensively as follows: (1) the subpoena shall be limited to the following individuals specifically identified in Plaintiff's affidavit: D.H., K.W., J.F., D.A., D.S., B.P., A.V., D.C., and B.S; (2) Plaintiff is not to pursue further discovery on three of the individuals listed in his affidavit who are identified as: W.A., W.B., and W.H.; and (3) the subpoena is further limited from 2003 until April 19, 2011, which is the date Plaintiff left the custody of BHOTS. *See* ECF No. 57 at 1. Additionally, prior to Defendants' filing the instant motion to quash, the parties requested and the Court entered a Confidentiality Order, ECF No. 56, which limits discovery in accordance with Rule 26(c) by designating the documents sought by Plaintiff as confidential and imposing a variety of confidentiality requirements on the parties.

Therefore, the Court holds the Confidentiality Order and the narrowed scope of the subpoena sufficiently protects the interests of these third-party children. Consequently, the Court will deny Defendants' motion to quash the subpoena and deny Defendants' requests for an in-camera review of the records at issue and to further limit the subpoena to incidents of a sexual nature.

## VI. CONCLUSION

Wherefore, based on the forgoing discussion and analysis, it is the judgment of this Court Defendants' motion to quash is **DENIED**. Counsel for BHOTS shall produce the relevant documents, consistent with the narrowed scope of the subpoena and with the terms of the Confidentiality Order, not later than thirty (30) days from the date of entry of this Order. Counsel for Plaintiff is hereby authorized to secure the relevant documents pursuant to the terms of this Order.

To the extent the parties wish to submit a joint consent amended Confidentiality Order, they shall move to do so not later than Monday, July 17, 2017.

**IT IS SO ORDERED**.

Signed this 11th day of July, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE