IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| W.S., | ) | C/A No. 8:16-cv-01032-DCC |
|                 Plaintiff, | ) | C/A No. 8:16-cv-01280-DCC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cassandra Daniels, Ursula Best, South Carolina Department of Social Services, | ) ) ) | |
|                 Defendants. | ) ) | |

This matter is before the Court on Plaintiff's Motion to Compel, filed November 3, 2017. ECF No. 79. Defendants filed a Response in Opposition and Plaintiff filed a Reply. On January 11, 2018, a hearing was held in front of the Honorable Donald C. Coggins, Jr., United States District Judge for the District of South Carolina. ECF No. 96. The parties were directed to attempt to reach a resolution within 10 days and inform the Court if there were any topics upon which they could not agree. On January 26, 2018, the parties emailed chambers that they had resolved most of the pending issues; however, they had not reached an agreement on every issue.

Defendant South Carolina Department of Social Services ("SCDSS") contends that it is unable to produce the requested documents without an order of this Court following an in-camera review of the documents.[1] Plaintiff opposes an in-camera review as unnecessary. As explained

---

[1] SCDSS asserts that the South Carolina Children's Code prohibits the release of certain documents without an Order of the Court. Section 63-7-1990(A) of the South Carolina Code states

> All reports made and information collected pursuant to this article maintained by the Department of Social Services and the Central Registry of child Abuse and Neglect are confidential. A person who disseminates or permits the dissemination of these records and the information contained in these records, except as authorized in this section, is guilty of a misdemeanor and, upon conviction, must be

1

in the Honorable Mary Geiger Lewis's Order Denying Defendant's Motion to Quash Subpoena, ECF No. 69, in considering the Children's Code and Rule 26 of the Federal Rules of Civil Procedure, it becomes apparent that a party may seek the protection of sensitive but relevant information by either (1) arguing the information is protected by privilege or (2) by petitioning the court for a protective order limiting discovery in accordance with Rule 26(c). If there is no privilege, however, then the Court need not follow the in-camera review requirement set forth in the Children's Code.

All privileges asserted in federal court are governed by Rule 501 of the Federal Rules of Evidence, which provides "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." Fed. R. Evid. 501. In a civil case, though, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.*

This case involves both federal and state law claims, and the evidence in dispute appears to be relevant to both the state and the federal claims. The Fourth Circuit Court of Appeals has held that "in a case involving both federal and state law claims, the federal law of privilege applies." *Virmani v. Novant Health Inc.*, 259 F.3d 284, 293 n.3 (4th Cir. 2001). Therefore, for

---

fined not more than one thousand five hundred dollars or imprisoned.

The Children's Code allows for the release of records to "the parties in a court proceeding in which information in the records is legally relevant and necessary for the determination of an issue before the court, if before the disclosure the judge has reviewed the records in-camera, has determined the relevancy and necessity of the disclosure, and has limited disclosure to legally relevant information under a protective order. S.C. Code Ann. § 63-7-1990(B)(11).

resolution of the present discovery dispute, concerning material relevant to both federal and state law claims, the Court will apply federal privilege law.

The Court has been unable to find any federal appellate decisions that have, as a matter of federal common law, recognized privileges of the sort contemplated by the Children's Code. Thus, the Court must determine, granting due respect to South Carolina's protections in the Children's Code, whether the third-party privacy privilege "apparently sought by Defendants 'promotes sufficiently important interests to outweigh the need for probative evidence,' where the need for probative evidence is viewed as a very weighty consideration indeed—to the extent that only the strongest considerations on the other side of the scale are capable of outweighing it." *See Pearson*, 211 F.3d at 69 (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980)).

Here, the issue is whether federal law should recognize a privilege directed at the interests of third parties—the children whose records are sought—whose interests may be affected by the release of the information here in dispute. It is uncontested these interests hold substantial weight due to the importance of South Carolina's activities directed at the welfare of children. Nevertheless, the Court is persuaded, as other courts have held, these third-party interests are poor candidates for the protection of a Rule 501 privilege, particularly when considering the novelty of the third-party privacy privilege sought by Defendants. *See, e.g.*, *id.* at 70-72 (declining to recognize a privilege under the Federal Rules of Evidence based on the confidentiality provisions of state statutes). The Court holds these interests can be more appropriately protected by the Court's issuing a protective order limiting discovery in accordance with Rule 26(c).

Therefore, the Court holds the Confidentiality Order already entered in the case and the provisions of this Order sufficiently protect the interests of these third-party children. The Court finds an in-camera review of the records at issue is not required by federal law.

Based on the foregoing, the Court finds the following information, properly redacted, is necessary and relevant to a determination of the merits of this case and, therefore, orders its production subject to the Confidentiality Order in this case.

**A.      Individual Files**

The Court finds that the disclosure of certain portions of the SCDSS files of the children identified by Plaintiff that he alleges he engaged in sexual activity with, either as the victim or the perpetrator, should be released to Plaintiff. The children are identified as C.I, M.M., K.A., D.H., K.W., J.F., D.A, D.S., B.P., A.V, D.C. and B.S. ECF No. 77 at 17. While SCDSS continues to object to the release of any portion of these children's files, the parties have agreed that that production of documents that fall into the following categories is relevant and the Court directs SCDSS to produce the portions of the subject children's files pertaining to:

1. acting out in sexually inappropriate ways with other children, toys, or objects;
2. forcing someone into sexual activity;
3. rape;
4. sharing beds;
5. possession of pornographic material;
6. requests for sex;
7. masturbation; and
8. rubbing of genitals on self, person, or things.

The parties have submitted a list of terms that Plaintiff believes are relevant and SCDSS believes should not be produced. The Court finds that some of these terms are relevant and proportional and directs SCDSS to produce the portions of the children's files pertaining to:

1. bed wetting, enuresis, and encopresis;
2. bullying others
3. self-mutilation, threats of suicide or homicide, and self-destructive or risk taking behavior;
4. suicidal ideation; and
5. threatening others *only to the extent that the threats relate to coercion for sexual contact*.

The Court finds the following categories are overbroad and are not likely to identify documents relevant to the present litigation:

1. physical fighting or assault,
2. use of a weapon that that causes or can cause physical harm,
3. physical cruelty to people or animals, and
4. fire setting behavior.

The Court directs that SCDSS produce the documents as explained above. Further, SCDSS is directed to redact all identifying information and use only the child's initials for identification where appropriate.

**B.     Out of Home Abuse and Neglect ("OHAN") Files**

SCDSS is further directed to produce the OHAN records for sexual incidents at the Boys Home of the South that occurred between May 9, 2003, and April 11, 2011. Any files naming the specifically identified children listed above should redact all identifying information and should

use only the child's initials where it is appropriate. With respect to any records produced involving any other child than the children specifically identified above, SCDSS is directed to completely redact all identifying information.

**C.     Licensing Files**

SCDSS is directed to produce the Licensing Records for the Boys Home of the South from 2006 through 2011 to the extent that these files contain any information on sexual activity at the Boys Home of the South. The production of these files is limited to the categories listed in Section A of this Order that the Court has determined are relevant to the pending litigation. SCDSS is directed to redact the produced documents where appropriate.

Accordingly, Plaintiff's Motion to Compel is **GRANTED in part** consistent with this Order and **DENIED in part** consistent with this Order and to the extent Plaintiff requested any documents not addressed in this Order and not agreed to by the parties.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

February 1, 2018
Spartanburg, South Carolina