**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| W.S., | C/A 16-cv-01032-DCC |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION PURSUANT TO FRCP 37(c)2** |
| Cassandra Daniels, Ursula Best, South Carolina Department of Social Services, | |
| Defendants. | |
| W.S., | C/A 16-cv-01280-DCC |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION PURSUANT TO FRCP 37(c)2** |
| Cassandra Daniels, Ursula Best, South Carolina Department of Social Services, | |
| Defendants. | |

**MOTION FOR FEES AND COSTS RELATED REQUESTS FOR ADMISSION**

TO:   JAMES W. LOGAN, JR. ATTORNEY FOR DEFENDANTS:

Plaintiff, by and through his undersigned attorneys, hereby requests that this Court grants an Order for Attorney's Fees and Costs in accordance with Federal Rules of Civil Procedure Rule 37(c)(2) on the grounds that Defendants failed to admit several of Plaintiff's Requests to Admit and the Plaintiff later proved these facts to be true.  As grounds for this motion, Plaintiff would show unto the Court the following:

On November 19, 2018, Plaintiff sent Requests to Admit to Defendants. Defendants served a response on December 19, 2018. Dkt. No. 198-1. The requests were primarily centered around the disciplinary letters from Defendant SCDSS to Defendant Daniels and Defendant Best. These letters were a hotly contested pre-trial issue. The objections to the discoverability of the letters were meritless claims of privilege and attorney work product. DSS falsely claimed that an attorney in its office of general counsel drafted the letter. Dkt. No. 203, *4. This statement was offered to the Court even after Plaintiff had submitted Robin Kubler's deposition testimony showing that she drafted the letters. Dkt. No. 142-13. See also 142-1, *14. Even after Plaintiff showed the Court a second time that SCDSS was not telling the truth, SCDSS made no effort to correct the record, apologize, or provide an excuse. Dkt. No. 227, *2, 227-2.

Strenuously citing these objections, SCDSS refused to produce the disciplinary letters issued to Daniels and Best until compelled to by the Court. After Plaintiff filed a Motion to Compel, this Court ruled that the letters were discoverable. Defendants then produced the letters, but still objected to their admissibility. At the beginning of trial, Defendants addressed and described the substance and facts of the disciplinary letters in intimate detail during their opening argument. During trial, the Court was concerned about the prejudicial effect of the letters themselves being introduced into evidence as an exhibit, but it correctly held that the facts and conclusions contained in the letters were admissible. Therefore, the witnesses were questioned in detail about the findings of DSS in the letters and the facts that resulted in said findings. Plaintiff also read the responses to the Requests for Admission into evidence in his case in chief.

Throughout the answers to the Requests to Admit on nearly all the questions, Defendants double down on their denial of the facts which led the two employees to be disciplined. In the letters, Cassandra Daniels and Ursula Best were found to have been negligent in their care and

treatment of W.S. and were disciplined for their failures to protect and treat him. Despite the fact that they had a right to appeal these findings and chose not to do so, Defendants Daniels and Best continued to assert that they disagreed with the findings and would not admit to having done anything wrong in the care of W.S. Defendant SCDSS similarly denied liability for failure to protect and failure to treat under the South Carolina Tort Claims Act. They admitted that the findings of SCDSS were in fact the findings of SCDSS, but would not concede the facts underlying the findings, despite the fact that the specific facts in the Requests to Admit were taken verbatim from the letters. While this approach defies all logic and common sense, the Defendants maintained these positions and even asserted them on the stand at trial.

In the end, Plaintiff was forced to prove both the civil rights violations by the individual Defendants and the gross negligence of the Defendant SCDSS on the state claims. The jury found for the Plaintiff on all causes of action. The jury's verdict was as follows:

Cassandra Daniels § 1983 for failure to protect:
- $15,000 damages
- $15,000 punitive damages

Cassandra Daniels § 1983 for failure to treat:
- $15,000 damages
- $15,000 punitive damages

Ursula Best § 1983 for failure to protect:
- $18,500 damages
- $18,500 punitive damages

Ursula Best § 1983 for failure to treat:
- $18,500 damages
- $18,500 punitive damages

SCDSS Tort Claims:
- $400,000 damages
- 3 occurrences

Every rule in the Federal Rules of Civil Procedure must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." FRCP Rule 1. Federal Rules of Civil Procedure Rule 36 governing Requests for Admission underscores this purpose by narrowing the issues for trial. "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *House v. Giant of Md., LLC,* 232 F.R.D. 257, (E.D. Va. 2005)*, citing Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 936-37 (9th Cir. 1994). Here, it was unreasonable for the Defendants to deny those matters set forth in Plaintiff's Requests to Admit, given that they were the Defendant's SCDSS own findings and that the individual Defendants did not appeal the findings.

Plaintiff requests that the Court consider this Motion in conjunction with his request for fees under 42 U.S.C. § 1988(b). Dkt. No. 255. The statements of fees and costs from both counsel were attached to that Motion. Plaintiff is not requesting additional or duplicative fees. Plaintiff is merely filing this Motion to support the contention that the 42 U.S.C. § 1988(b) fees should not be reduced; to do otherwise would allow the Defendants to violate the rules of civil procedure with impunity. Plaintiff incorporates herein the declarations submitted in his § 1988 Motion for Attorney's Fees and Costs.

Rule 54.02 of this Court's Local Rules sets forth the 12 Barber factors as follows:

(1) time and labor expended;
(2) novelty and difficulty of the questions raised;
(3) skill required to properly perform the legal services rendered;
(4) attorney's opportunity costs in pressing the instant litigation;
(5) customary fee for like work;
(6) attorney's expectations at the outset of litigation;
(7) time limitations imposed by the client or circumstances;
(8) amount in controversy and the results obtained;
(9) experience, reputation and ability of the attorney;
(10) undesirability of the case within the legal community in which the suit arose;

(11) nature and length of the professional relationship with the client; and
(12) attorneys' fees awards in similar cases

Plaintiff discussed these factors and their applicability to this case in great detail in his request for fees and costs pursuant to 42 U.S.C. § 1988(b).  Dkt. No. 255.  Plaintiff incorporates and makes reference to that discussion here.

WHEREFORE, the Plaintiff asks that the Court inquire into the matters alleged herein and thereafter issue an Order granting the Plaintiff's motion for costs and fees due to Defendants' unreasonable failure to admit facts that were proven at trial.

Respectfully submitted,

                                        HITE & STONE

BY:    s/Heather Hite Stone
         HEATHER HITE STONE (Bar No.: 11374)
         100 EAST PICKENS STREET
         P. O. BOX 805
         ABBEVILLE, SC 29620
         (864) 366-5400 TELEPHONE
         (864) 366-2638 FACSIMILE
         heather@hiteandstone.com
         COUNSEL FOR THE PLAINTIFF

BY:    s/Robert J. Butcher
         Robert J. Butcher
         The Foster Care Abuse Law Firm, PA
         221 Glenwood Drive
         Manning, South Carolina 29102
         P.O. Box 486
         Manning, South Carolina 29102
         Telephone: (803) 432-7599
         Facsimile: (803) 432-7499
         Email: rbutcher@camdensc-law.com

Abbeville, South Carolina
April 19, 2019