UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| W.S., | ) | C/A Nos. 8:16-cv-01032-DCC |
|---|---|---|
| | ) | 8:16-cv-01280-DCC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cassandra Daniels, Ursula Best, South | ) | |
| Carolina Department of Social Services, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the Court on Defendants' post-trial motion for judgment notwithstanding the verdict or to alter or amend the judgment, Plaintiff's motion pursuant to 42 U.S.C. § 1988, and Plaintiff's motion pursuant to Federal Rule of Civil Procedure 37(c)(2). ECF Nos. 255, 266, 271.[1]

## **PROCEDURAL HISTORY**

Plaintiff brought this action alleging violations of his civil rights pursuant to 42 U.S.C. §1983 and gross negligence pursuant to the South Carolina Tort Claims Act, among other claims that concluded prior to trial. This matter was tried before a jury on March 18, 2019, through March 22, 2019. After due deliberations, the jury found for Plaintiff and awarded him $400,000.00 in actual damages from Defendant South Carolina Department of Social Services ("SCDSS"); $74,000.00 in actual and punitive damages from Defendant Ursula Best; and $60,000.00 in actual and punitive damages from

---

[1] All citations to the docket will be to the docket entry numbers as they appear in C/A No. 8:16-cv-01032.

Defendant Cassandra Daniels, for a total of $534,000.00.  On March 27, 2019, the Clerk entered judgment in favor of Plaintiff pursuant to the jury verdict.

**DISCUSSION**

***Defendants' Motion for Judgment Notwithstanding the Verdict or to Alter or Amend The Judgment***

Defendants argue that they are entitled to relief because the Court erred in failing to grant Defendants' motion for directed verdict, the Defendants are entitled to have the South Carolina set-off rule apply to this case, and the Court erred in submitting the number of "occurrences" to the jury.[2]

Under Federal Rule of Civil Procedure 50, "[i]f a party has been fully heard on an issue during a jury trial" and moves for judgment as a matter of law, the court may grant that motion if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(2).  If the court does not rule on a motion for judgment as a matter of law during the trial, "the movant may file a renewed motion . . . and may include an alternative or joint request for a new trial under Rule 59" within twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 50(b).  In deciding upon a Rule 50 Motion, the court must consider "whether a jury, viewing the evidence in the light most favorable to [the non-movant], could have properly reached the conclusion reached by this jury," and will reverse only "if a reasonable jury could only rule

---

[2] Defendants filed the motion on April 24, 2019; Plaintiff filed a response in opposition on May 8, 2019; and Defendants filed a reply on May 15, 2019.  ECF Nos. 271, 275, 278.

in favor of the movant." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). "[I]f reasonable minds could differ, [the court] must affirm." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (finding that courts should grant judgment as a matter of law only if "there can be but one reasonable conclusion as to the verdict").

### Directed Verdict Motion

With respect to Defendants' argument that their directed verdict motion should have been granted as to Plaintiff's claim for gross negligence, they argue that Plaintiff's expert acknowledged that Plaintiff's case workers provided slight care. Accordingly, they assert, the question of whether SCDSS was grossly negligent should not have been submitted to the jury. The Court disagrees.

As to gross negligence, Plaintiff's expert Susan O'Toole was asked,

> And on a scale of zero to ten, with zero being no care and ten being excellent care, what type of care did these-this case worker and this case worker supervisor use in providing services and case management to William?

She responded, "Very minimal. So, one or two." Following Plaintiff's directed verdict motion, the Court found that the statement regarding slight care was made in reference to the caseworker and the caseworker supervisor—not SCDSS. The Court determined that there has been sufficient testimony at trial from which a reasonable jury could return a verdict in favor of Plaintiff with respect to gross negligence by SCDSS. Upon review of the testimony and evidence presented at trial, the Court denies Defendants' motion with respect to this claim.

3

With respect to Defendants' argument that their directed verdict motion should have been granted as to Plaintiff's claim for deliberate indifference, they argue that the record reflects that action was taken by Plaintiff's caseworkers when they were aware of danger to Plaintiff. Defendants also argue that Best and Daniels were entitled to qualified immunity[3] regarding any incident that took place prior to the Fourth Circuit Court of Appeals' decision in *Doe ex. Re. Johnson v. South Carolina Department of Social Services*, 597 F.3d 163 (4th Cir. 2010). The Court agrees that qualified immunity applies to pre-*Johnson* claims and so instructed the jury. However, the Court cannot agree as to the remaining argument on deliberate indifference.

At trial, there was evidence produced with respect to written reports of Plaintiff's and other children's sexual behavior at Boys Home of the South ("BHOTS") and Plaintiff's disclosures regarding past sexual abuse. Moreover, there was evidence produced that Daniels and Best delayed ordering or, in some cases, never ordered mental health services and medical services for W.S. upon learning of this behavior and W.S.'s disclosures. There was sufficient evidence produced at trial that Daniels and Best knew of and disregarded a substantial risk of harm to Plaintiff so as to survive a motion for directed verdict.

---

[3] Plaintiff's counsel acknowledged at trial that, under the current caselaw, Defendants Daniels and Best were entitled to qualified immunity for events preceding March of 2010 and the Court granted Defendants' motion as to events that occurred before March 5, 2010. Further, at trial, the Court instructed the jury that, with respect to Daniels and Best, "as to Plaintiff's claims pursuant to Title 42, United States Code, § 1983, you may only consider events occurring after March 5, 2010 as the basis for such claims . . . ."

Defendants also argue that Plaintiff's Fourteenth Amendment Due Process claims were barred because he had an adequate post-deprivation remedy in state law. The Court disagrees. *See Johnson*, 597 F.3d at 172, 175–76 (4th Cir. 2010) (finding that "a child who has been involuntarily removed from her home by state officials for abuse or neglect, placed in the legal custody of the SCDSS, and transferred to state-approved foster care by SCDSS officials can state a substantive due process claim against a state social worker for violations of her fundamental right to personal safety and security"); *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990) (holding that the existence of overlapping state remedies may be relevant where a plaintiff's § 1983 claim is based on procedural due process).

### Number of Occurrences

Defendants also argue that the Court erred in submitting the number of occurrences to the jury. Defendants contend that there was a single occurrence when Plaintiff was placed at BHOTS—which would provide a cap on the monetary liability for SCDSS of $300,000.00. They assert that the jury should not have been required to find the number of occurrences. The Court disagrees.

The Court finds the Honorable Cameron McGowan Currie's discussion of the relevant South Carolina law on occurrences in *Knox v. United States*, No. 0:17-cv-36-CMC, 2018 WL 3241931 (D.S.C. July 3, 2018), is applicable here. Judge Currie thoroughly discussed the holdings in *Chastain v. AnMed Health Foundation*, 694 S.E.2d 541 (S.C. 2010), and *Boiter v. South Carolina Department of Transportation*, 712 S.E.2d 401 (S.C. 2011). She determined that, "[i]f Plaintiff presents evidence at trial to support

5

more than one act of negligence, the jury will be instructed on the definition of occurrence and asked to determine whether Plaintiff has proven more than one occurrence."

Here, the Court determined that there was evidence to support a finding that there had been more than one occurrence; accordingly, the jury was instructed on the definition of occurrence and asked to determine how many occurrences Plaintiff had proved. Defendants have failed to demonstrate that this procedure was flawed sufficient to grant the relief requested in this motion.

Thus, viewing the evidence presented at trial in the light most favorable to Plaintiff, the Court simply cannot conclude that "a reasonable jury could only rule in favor of" Defendants. *Dennis*, 290 F.3d at 644. At the very least, reasonable minds could differ on the outcome, meaning that the Court must affirm the jury's decision.

*Set-off*

Section 1983 does not contain any provision regarding offsetting an actual damages award because of settlement. Because § 1983 and federal law does not provide substantive law on the matter, the Court must apply state law. 42 U.S.C. § 1988; *Big Elk v. Bd of Cty. Comm'rs of Osage Cty,* 3 F. App'x 802, 808–09 (10th Cir. 2001); *see also C.B. v. City of Sonora,* 769 F.3d 1005, 1031 (9th Cir. 2014) (applying state law on issue of offset in a § 1983 case).

"South Carolina's setoff rule rests on the 'almost universally held [principle] that there can be only one satisfaction for an injury or wrong.'" *Atlas Food Sys. and Serv., Inc. v. Crane Nat. Vendors, Inc.,* 99 F.3d 587, 596 (4th Cir. 1996) (quoting *Truesdale v. S.C. Highway Dep't,* 213 S.E.2d 740, 746 (1975)); *Rutland v. S.C. Dep't of Transp.,* 734

6

S.E.2d 142, 145 (S.C. 2012). Thus, a court "must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, so long as the settlement funds were paid to compensate the same plaintiff on a claim for the same injury." *Smith v. Widener,* 724 S.E.2d 188, 190 (S.C. Ct. App. 2012)*; see also* S.C. Code Ann. § 15-38-50(1).[4] "Likewise, when the prior settlement involves compensation for a different injury from the one tried to verdict, there is no setoff as a matter of law." *Id.* at 191.

Here, Plaintiff brought claims for gross negligence against SCDSS pursuant to the South Carolina Tort Claims Act and claims for deliberate indifference pursuant to 42 U.S.C. § 1983 against Daniels and Best. Plaintiff settled all of his claims with BHOTS for $825,000.00 prior to trial. The question before the Court is how much of the $825,00.00 settlement should apply to offset the $534,000.00 jury verdict in this case.

The Court finds that set-off is appropriate with respect to the actual and compensatory damages awarded against SCDSS. As noted by Plaintiff's counsel, the settlement entered into by Plaintiff and BHOTS encompassed the time period between May 2008 and April 2011 and included very broad language. The jury determined that Plaintiff was entitled to damages for gross negligence by SCDSS on March 29, 2009; June 1, 2009; and November 26, 2010—the same time period covered by the BHOTS

---

[4] The Uniform Contribution Among Tortfeasors Act is not applicable to governmental entities. *See* S.C. Code Ann. § 15-38-65. However, even in cases with government entities, there is a right of set-off that is "equitable in nature," and a trial court may grant set-off "when necessary to provide justice between the parties." *Smalls v. S.C. Dep't of Educ.,* 528 S.E.2d 682, 689 (S.C. Ct. App. 2000).

settlement. Thus, Defendant SCDSS is entitled to set-off for the full amount of the $400,000.00 damages award against it.

With respect to the § 1983 claims against Daniels and Best, the Court finds that set-off is not applicable. The constitutional duties owed to Plaintiff by Daniels and Best were different from the duties owed by BHOTS. Moreover, Plaintiff raised different claims with respect to Best and Daniels and BHOTS. Finally, allowing set-off in this instance would be inconsistent with the policy objective of deterrence through a § 1983 action. *See Glover v. Johnson*, 2016 WL 5854282, *2 (W.S. Ok. Oct. 6, 2016) (citing *Robertson v. Wegmann*, 436 U.S. 584, 590–91 (1978)).

Accordingly, the Court offsets the jury verdict of $400,000.00 against SCDSS in total. The damages awarded against Daniels and Best (totaling $134,000.00) are not subject to set-off.

***Plaintiff's Motion for Fees and Costs Pursuant to 42 U.S.C. § 1988***

Plaintiff moves for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 as the prevailing party is an action arising under 42 U.S.C. § 1983.[5] Plaintiff seeks an award of attorneys' fees based on hourly rates ranging from $275.00 to $400.00 per hour; paraprofessional fees at rates from $67.55 to $100.00 per hour; and costs of $55,362.12. Defendants argue that the motion should be denied in its entirety because (1) arguably, Plaintiff was not the prevailing party; (2) the requested amount includes fees and costs

---

[5] Plaintiff filed his motion on April 5, 2019; Defendants filed a response in opposition on April 24, 2019; and Plaintiff filed a reply on May 8, 2019. ECF Nos. 255, 272, 276.

8

that are unreasonable; and (3) after the application of the South Carolina Set-Off Rule, Plaintiff will receive no monetary damages for his § 1983 claims.[6]

It is well settled that a district court may award a prevailing party attorneys' fees in an action arising under 42 U.S.C. § 1983 pursuant to 42 U.S.C. § 1988. This attorney fee provision encourages private litigants to act as "private attorneys general" and plays an important role in the vindication of fundamental rights protected under the American Constitution. *Donnell v. United States*, 682 F.2d 240, 245 (D.C. Cir. 1982). A fee award under § 1988 is not a sanction or punishment against a defendant, and a defendant's good faith defense of an unconstitutional state law does not disqualify a plaintiff from an award of attorney's fees. *Lefemine v. Wideman*, 758 F.3d 551, 555-56 (4th Cir. 2014). Only in "rare occasions," where the award of an attorney's fee would be "unjust," should a prevailing plaintiff in a § 1983 action be denied an attorney's fee award under § 1988. *Id*. Such a rare, special circumstance would be where a "plaintiff's success is purely technical or de minimus" or the plaintiff obtained "only a Pyrrhic victory." *Pitrolo v. Cty. of Buncombe*, 589 F. App'x. 619, 630 (4th Cir. 2014).

In calculating a proper fee award for a prevailing plaintiff, the Court should utilize the "lodestar" method as a starting point, which involves a calculation of the hours "reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The reasonableness of the computed lodestar figure should then be measured under the standards set forth in *Barber v. Kimbrells, Inc.*, 577 F.2d

---

[6] The Court has addressed the set-off issue above; accordingly, the undersigned will not restate the conclusions reached here.

216, 226 (4th Cir. 1978), which include (1) time and labor expended; (2) novelty and difficulty of the issues raised; (3) the skill required to perform the legal services; (4) the attorney's opportunity costs in undertaking the representation; (5) the customary fee for similar work; (6) attorney's expectations at the outset of the litigation; (7) time limitations imposed by the client or circumstances; (8) amount in controversy and results obtained; (9) the expertise, reputation and ability of counsel; (10) the nature and length of the professional relationship between attorney and client; (11) the undesirability of the case within the legal community; and (12) fee awards in similar cases. Although all of the *Barber* factors are important, a critical issue, after determining the lodestar figure and subtracting hours unrelated to successful claims, is the "degree of success enjoyed by the plaintiff." *Hudson v. Pittsylvania Cty., Va.*, 774 F.3d 231, 237 (4th Cir. 2014).

In these motions, counsel for both sides take issue with tactics employed and statements made by opposing counsel; however, the Court is of the opinion that this case required a great deal of work over a long period of time and notes that that the work done by all counsel in this case was well done and appreciated by the undersigned. Counsel litigated the issues presented here vigorously and professionally.

With respect to Defendants' argument that Plaintiff is not the prevailing party due to the set-off, the Court has determined that Plaintiff is entitled to recovery for his § 1983 claims. Thus, it is unnecessary to evaluate whether Plaintiff would be the prevailing party in the event that he had not recovered any damages at trial. *See Farrar v. Hobby*, 506 U.S. 103 (1992) ("[A] prevailing party who wins nominal damages is a prevailing party under § 1988").

Regarding whether the "degree of success" supports the amount requested, Defendants again argue that set-off results in no monetary gain for Plaintiff. As previously stated, the Court finds that set-off does not bar Plaintiff's recovery under § 1983. Plaintiff has recovered more than $100,000; thus, his recovery cannot be considered nominal. Accordingly, Defendants' argument that Plaintiffs' counsel should not recover in light of Plaintiff's nominal recovery is unsupported and overruled.

Defendants raise legitimate issues about the amount sought by Plaintiffs' counsel including their arguments that counsel may not recover under § 1988 for fees incurred litigating claims pursuant to the South Carolina Tort Claims Act or against SCDSS as a Defendant and that there would have been some duplication of services for the research and drafting of pleadings and motions.[7]

---

[7] Defendants also strenuously object to Plaintiff's counsel's "block billing" approach. The Court overrules this objection with respect to this case only. The Court also overrules Defendants' objection to Mr. Butcher's billing $275.00 for travel time and declines to find as unreasonable that, on occasion, more than one attorney for Plaintiff was present at a deposition or other matter.

Defendants point out, and the Court agrees that, Plaintiff's counsel has not parsed out the hours spent specifically on the § 1983 litigation against Defendants Best and Daniels.[8]  Thus, the Court finds that counsels' requested fees and costs should be reduced by one-third so as to more closely resemble the hours "reasonably expended on the litigation."  See Blum, 465 U.S. at 888.

Turning to the hourly rates requested by Plaintiff's counsel, Plaintiff provided affidavits from practicing attorneys and themselves supporting the reasonableness of these rates.  ECF Nos. 255-4–255-9.  Defendants argue that requested enhanced rates are unreasonably high, particularly in light of the area where Plaintiff's counsel practice, but essentially concede that the requested base rates for each attorney are appropriate.[9]  The Court agrees that the base rates are reasonable.[10]

Counsel request that Mr. Butcher's, Ms. Stone's, and Mr. Thomas E. Hite, III's rate be enhanced to $400.00 per hour.  In support of this enhancement, counsel argue that there are no appropriate comparators in Abbeville or Camden, South Carolina and that

---

[8] Plaintiff's counsel state that they have not included hours that "exclusively" pertained to litigation against BHOTS in their motion and that there was overlap in preparing the state claims and the § 1983 claims for trial.  ECF No. 276 at 7.

[9] Defendants assert that a rate between $225.00 and $275.00 is reasonable.  To the extent they single out Thomas E. Hite, Jr., for his base rate, the Court overrules this objection.

[10] In their motion, counsel list their rates for legal services as follows: Robert Butcher at a rate of $275.00 per hour; Deborah J. Butcher at a rate of $275.00 per hour; Heather Hite Stone at a rate of $275.00 per hour; Thomas E. Hite, III, at a rate of $275.00 per hour; and Thomas E. Hite, Jr., at a rate of $375.00 per hour.

12

failure to award them the requested enhancements may result in a chilling effect of this type of litigation. Taking into consideration Plaintiff's counsel's undisputed knowledge and experience in this area, the Court nonetheless finds that counsel has failed to demonstrate good cause for enhancements of their hourly rates. While undoubtedly a lengthy process with sensitive subject matter, the Court does not agree that Plaintiff's counsel were ploughing new ground such that this would be considered an "exceptional" circumstance to support an enhancement of their fees. *See Pursue v. Kenny*, 559 U.S. 542 (2010) (citations omitted).

After finding the hourly rate (without enhancement) requested to be reasonable as applied to the modified number of hours, the Court examined the potential award under the standards set forth in *Barber v. Kimbrells, Inc.*, 577 F.2d at 226, to further assess the reasonableness of the proposed award. The factors considered were as follows:

1. <u>Time and labor expended</u>: The Court finds the time and labor expended by counsel, as adjusted, to be reasonable and necessary. This factor weighs heavily in favor of a reasonable fee award.

2. <u>Novelty and difficulty of the issue raised</u>: The Court finds the procedural and substantive issues to be somewhat complex and required a degree of skill and expertise. This factor weighs in favor of a reasonable fee award.

3. <u>The skill required to perform the legal work</u>: This case involved adjudication of constitutional issues and required a higher level of legal skill. This factor weighs in favor of a reasonable fee award.

4. <u>The attorneys' opportunity costs in undertaking this representation</u>: This has been a lengthy case and counsel have expended numerous hours working on it. This factor weighs in favor of a reasonable fee award.

5. <u>Customary fee for similar work</u>: The Court has addressed this factor above. This factor weighs in favor or a reasonable fee award but not an enhanced fee award.

6. <u>Attorneys' expectations at the outset of this litigation</u>: Counsel state, inter alia, that they expected this case to be difficult. This is not a significant factor in determining the reasonableness of a reasonable fee award.

7. <u>Time limitations imposed by the client or circumstances</u>: This case required devotion of time and resources by counsel over a relatively long period of time. This factor weighs slightly in favor of a reasonable fee award.

8. <u>Results obtained</u>: As discussed above, Plaintiff was successful at trial. This factor weighs heavily in favor of a reasonable fee award.

9. <u>The expertise, reputation, and ability of counsel</u>: As noted throughout this Order, counsel have considerable experience and demonstrated ability in the performance of their duties on behalf of Plaintiff. This factor weighs heavily in support of a reasonable fee award.

10. <u>The nature and length of the relationship between attorney and client</u>: Counsel state that Ms. Stone has had a relationship with the client since 2006. This is not a significant factor in determining the reasonableness of a reasonable fee award.

11. <u>Undesirability of the case within the legal community</u>:  Counsel contend that this type of case in undesirable, despite the potential award of fees, because of the complexity involved.  This factor weighs slightly in favor of a reasonable fee award.

12. <u>Fee award in similar cases</u>:  As discussed above, the Court finds that the unenhanced requested fees fall within a range of reasonableness in comparison to other cases.

Based upon the foregoing, the Court finds the hours, rates, and total compensation set forth below are reasonable and satisfy the reasonableness standards of *Barber* and other Fourth Circuit precedents for the award of attorneys' fees.  Therefore, the Court hereby approves and awards reasonable attorneys' fees against Defendants Daniels and Best in their individual capacities pursuant to 42 U.S.C. § 1988 as follows:

|                     | Hours    | Rate     | Total        |
|---------------------|----------|----------|--------------|
| Robert Butcher      | 1,615.15 | $275.00  | $444,166.25  |
| Deborah J. Butcher  | 2.00     | $275.00  | $550.00      |
| Heather Hite Stone  | 361.15   | $275.00  | $99,316.25   |
| Thomas E. Hite, III | 85.00    | $275.00  | $23,375.00   |
| Thomas E. Hite, Jr. | 48.58    | $375.00  | $18,217.50   |

Additionally, the Court approves reimbursement of paraprofessional fees of $7,441.64 and costs of $36,539.00.  Thus, the total award of fees is $629,605.64.

***Plaintiff's Motion for Fees and Costs Pursuant to Rule 37(c)(2)***

Plaintiff also moves for fees and costs pursuant to Federal Rule of Civil Procedure 37(c)(2) on the grounds that Defendants failed to admit several of Plaintiff's Requests to

Admit and Plaintiff later proved these facts to be true.[11] Pursuant to Rule 37(c)(2), the Court has the authority to award attorney's fees and expenses incurred by a party in "making that proof" of a fact that an opposing party failed to admit when requested to do so.

As an initial matter, Plaintiff requests that this motion be considered in conjunction with his other motion for attorneys' fees and states that he is not seeking additional or duplicative fees. However, even if he were moving for additional fees, the Court finds that he has not made the requisite showing under Rule 37(c)(2). Plaintiff fails to specify which requests were denied without a reasonable basis. Moreover, the Court agrees with Defendants' argument that Plaintiff appears to conflate the negligence standard referenced in the disciplinary letters and the gross negligence standard Plaintiff was required to prove at trial under the South Carolina Tort Claims Act. As previously stated, this case was hotly contested between the parties and the Court is of the opinion that counsel vigorously and professionally advocated on behalf of their clients; thus, the imposition of sanctions is unwarranted. Accordingly, Plaintiff's motion is denied.

## CONCLUSION

Accordingly, based on the forgoing, Defendants' motion for judgment notwithstanding the verdict and to alter or amend the judgment [271] is **GRANTED in part** and **DENIED in part** as set out, Plaintiff's motion for attorneys' fees and costs pursuant

---

[11] Plaintiff filed his motion on April 22, 2019; Defendants filed a response in opposition on May 3, 2019; and Plaintiff filed a reply on May 13, 2019. ECF Nos. 266, 274, 277.

to 42 U.S.C. § 1988 [255] is **GRANTED in part** and **DENIED in part** as set out, and Plaintiff's motion pursuant to Rule 37(c)(2) [266] is **DENIED**.

    IT IS SO ORDERED.

                                                             s/Donald C. Coggins, Jr.
                                                             United States District Judge

October 24, 2019
Spartanburg, South Carolina